[Civ. No. 9050. First Appellate District, Division One.—December 10, 1934.]

BENEDICT OHLSON, Plaintiff and Appellant, v. JACK FRAZIER, Defendant and Respondent; WALTER MOTT et al., Defendants and Appellants.

BELLE MAYERS et al., Plaintiffs and Appellants, v. JACK FRAZIER, Defendant and Respondent; WALTER MOTT et al., Defendants and Appellants.

S. Laz Lansburgh and S. Joseph Theisen for Plaintiffs and Appellants.

Albert J. O'Brien and Langton A. Madden for Defendants and Appellants.

No appearance for Defendant and Respondent.

KNIGHT, J.—The defendant Jack Frazier, accompanied by the plaintiffs Benedict Ohlson, James B. Mayers and Mrs. Belle Mayers, while driving over the Bolinas Road toward Stinson Beach in Marin County in a sedan automobile owned and driven by Frazier, overtook and attempted to pass a school bus on the approach to a hairpin turn in the road; and about the center of the turn the two vehicles came in contact with each other, following which the sedan ran wild for a short distance and then plunged over the bank, injuring Ohlson and Mrs. Mayers. Claiming that the accident was proximately caused by the concurrent negligence of the drivers of the vehicles, Ohlson and Mrs. Mayers brought separate actions for damages against said drivers, and joined as parties defendant the school district which operated the bus, and the members of the school board. Frazier was charged with gross negligence, and Mott, the driver of the bus, with ordinary negligence. The two actions were consolidated for trial, and a jury awarded Ohlson $750 damages, and Mrs. Mayers and her husband, who joined as party plaintiff, damages in the sum of $3,250. Judgments were entered accordingly. Subsequently Frazier moved for a new trial in each action, and his motions were granted, the ground specified in the orders being insufficiency of the evidence. From such orders plaintiffs have appealed, urging as ground for reversal that the evidence establishes as a matter of law that Frazier was guilty of gross negligence. The remaining defendants also made a motion in each case for a new trial, which was denied; and

they have appealed from the judgments, urging as main ground for reversal that the evidence not only fails to show any negligent act on the part of the bus driver, but on the contrary establishes as a matter of law that the sole proximate cause of the accident was gross negligence on the part of Frazier in attempting to pass the bus under the conditions there present. The four appeals are presented in one record. In our opinion the state of the evidence is such as to preclude interference on appeal with either the rulings of the trial court or the judgments.

The accident happened about 4 o'clock in the afternoon. All parties were thoroughly familiar with the road. Frazier and the other occupants of his automobile lived at Stinson Beach and traveled over the road frequently; and Mott had been driving the school bus over it for upwards of four years. It was a mountainous, dirt road with many grades and sharp curves. The hairpin turn was at the top of a grade and curved around the end of a ravine. At the approach to the turn, going toward Stinson Beach, the road followed a straightaway course for about 115 feet along one side of the ravine, then curved to the left around the end of the ravine and followed along the other side in the opposite direction. The distance across the ravine at the ends of the hairpin turn was 73 feet, and the radius of the arc was 27 feet. The distance around the curve was about 100 feet. The roadbed of the straightaways leading up to the curve on either side was 19 feet wide, but the curve had been recently reconstructed and widened so that the roadway at the center of the curve was 70 feet wide, the traveled portion of the newly constructed road being about a foot higher in elevation than the traveled portion of the old road. The bus was 27 feet long, 7 feet 3 inches wide, inclosed almost entirely with glass, with a seating capacity of 28 passengers; and at the time of the accident it was carrying 20 high school students. The sedan was about 6 feet wide.

The sedan overtook the bus about half a mile from the curve and then followed closely behind it, both vehicles traveling about 25 or 30 miles an hour. The bus caused considerable dust; and on one occasion, several hundred feet distant from the turn, Frazier sounded his horn, indicating he wanted to pass, but the bus held to the center of the

road, the driver claiming he neither heard the horn nor knew of the presence of the sedan. Upon reaching the straight-away the bus, in order to negotiate the turn, drew over to the right. As it did so Frazier shot ahead in an effort to pass it. He ran parallel with the bus until near the center of the turn, at which time, according to the testimony given by the occupants of the sedan, the bus drew back over toward and across the center of the road and then turned to the left directly into the sedan, the front of the bus strik-ing the sedan just behind the engine. The sedan, then apparently out of control, plunged ahead and to the right, in front of the bus, for a distance of approximately 50 feet, struck a 10-foot embankment on the right side of the road, rebounded to the left side of the road, went through a wire fence, and over the bank into the ravine. It landed about 80 feet below the road, upside down, and in its descent down the bank turned over three times. The bus was brought to a standstill on the roadway between 10 or 15 feet of the point of the impact.

█ It is evident, beyond doubt, from the foregoing, that Frazier was negligent in attempting to pass the school bus on the curve under the circumstances above described; but by virtue of the provisions of section 141¾ of the California Vehicle Act as it stood at the time of the accident, he was liable in damages to plaintiffs (who admittedly were guest passengers) only in case he was guilty of gross negligence, and the question of whether he was guilty of gross negli-gence was one of fact which the trial judge had the right to consider and determine in passing upon the motion for new trial, regardless of the finding thereon by the jury. █ Furthermore, it is well settled that in passing upon such a motion a trial judge is not bound, as the appellate tribunal is on appeal, by the rule of conflicting evidence. He must for himself weigh and consider the evidence for both parties, and draw his own conclusions therefrom; and if he is satis-fied that the finding of the jury is contrary to the weight of evidence, he is warranted in granting a new trial. █ Even where the evidence is not conflicting, the proba-tive force and evidentiary value thereof is nevertheless a matter for the trial judge to determine in passing upon such a motion; and if there is any evidence in the record fairly supporting the inferences drawn by the trial judge, his

decision in granting a new trial must be sustained. (2 Cal. Jur. 905; *Malloway* v. *Hughes*, 125 Cal. App. 573 [13 Pac. (2d) 1062].) ██ In the present case Frazier and the other occupants of his sedan testified in effect that when the bus reached the straightaway and pulled over to the right, there was room for the sedan to pass on the left side and that it would have been able to pass safely but for the fact that the bus driver upon nearing the center of the curve drew over toward and across the center of the road and then turned to the left, bringing the front end of the bus in collision with the side of the sedan about opposite the windshield. In view of such testimony, which on appeal must be accepted as true, it cannot be held as a matter of law and contrary to the implied finding of the trial judge that Frazier was guilty of gross negligence. The cases cited by plaintiffs on this branch of the case are not controlling for the reason that in none of them did the reviewing court reverse the conclusion reached by the trial judge in passing on such issue.

██ Likewise, in determining the appeals from the judgments it must be assumed that the testimony given by Frazier and his guest passengers is true; and that being so, such testimony in our opinion is legally sufficient to support the implied findings of the jury and the trial judge that the bus driver was negligent in the operation of the bus, because they all testified in substance that the curve was wide enough for both vehicles to make the turn safely, and that they would have done so if the bus had kept to the right of the center of the road. True, the bus driver and three of the students riding with him at the time (the others were not called as witnesses) testified in effect that the bus did keep on its right side of the road; that in order to negotiate the curve safely it was necessary upon reaching the center thereof for the bus to make a left turn, and that just as it was turning the sedan speeded ahead in an effort to pass, and collided with the front left fender of the bus. It may be conceded that such testimony would have been legally sufficient to sustain a verdict in favor of the bus driver if a verdict had been returned accordingly; but the jury did not accept their version of the happening of the accident. It decided in conformity with the testimony given by the occupants of the sedan. Consequently the most that can be said

on appeal for the testimony of the bus driver and said students is that it merely raised a conflict on the essential disputed facts.

■ It is contended on behalf of the bus driver that even though he did encroach upon the left side of the road near the center of the curve, such fact alone does not prove he was negligent because all the affirmative testimony given upon the subject shows that he did not know of the presence of the sedan, and that even though he was aware it was following him he had the right to assume its driver would not attempt to pass him on this dangerous curve. As to whether or not the bus driver knew of the presence of the sedan at any time before it attempted to pass the bus, the evidence apparently presents a conflict. The bus driver and said three students all testified that they were not aware of the fact that the sedan was following them. But in apparent contradiction thereof it was shown that the bus was provided with a rear view mirror; and the occupants of the sedan testified that several of the students saw them through the rear window of the bus and were laughing at them, from which the jury had the right to infer, so plaintiffs argue, that the bus driver must have been aware of the presence of the sedan and of the intention of the driver thereof to attempt to pass the bus at an opportune time. However, regardless of the disputed question of whether the bus driver knew of the presence of the sedan at any time before it started to pass the bus, it was clearly established by the testimony of the bus driver and said three students themselves that they knew of its presence as soon as it speeded ahead in an effort to pass them. In this regard they stated that they heard and saw the sedan as it ran up alongside of and parallel with the bus; that in so doing it scraped along the side of the bus and the horn of the sedan was sounded. Therefore, accepting as true the testimony of Frazier and the occupants of his car that despite such knowledge the bus driver drew over toward and across the center of the road and turned to the left as he neared the curve, thereby colliding with the sedan, it would appear that the implied findings of the jury and the trial judge that the bus driver was negligent are sufficiently supported.

■ Attention is called to the testimony given by the bus driver and two of the students to the effect that shortly

after the happening of the accident Frazier admitted he "was in the wrong"; that he "had no business trying to pass the bus on the curve". But it is evident that whatever Frazier may have said at that time is not binding on these plaintiffs because admittedly they were not present when the declarations were made; and furthermore, so far as the rights of an injured plaintiff are concerned, one joint tort-feasor by his extrajudicial declaration may not exculpate the other from responsibility where as here the evidence at the trial is legally sufficient to establish a concurrent responsibility.

 There was no error in the ruling of the trial court permitting Frazier to testify to certain facts tending to show that a feeling of animosity existed between him and Mott prior to and at the time of the accident, particularly in view of the fact that afterwards Mott himself admitted having had a dispute with some man, whose identity at the time was unknown to him, about the same subject-matter. Nor was the bus driver exonerated by the trial court's ruling granting Frazier's motions for a new trial, the law being well settled that where there is concurrent negligence contributing proximately to the happening of an accident, the exoneration of the one tort-feasor, even without legal justification, does not operate to exonerate the other. Their respective liabilities are joint and several. (*Blackwell* v. *American Film Co.*, 189 Cal. 689 [209 Pac. 999].)

The order and the judgment appealed from in each action are and each of them is affirmed.

Tyler, P. J., and Cashin, J., concurred.